IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIE GOOD,<br>    *Plaintiff*,<br><br>v.<br><br>WASHINGTON, D.C. JOINT PLUMBING APPRENTICESHIP COMMITTEE,<br>    *Defendant* | Case No. 24-cv-805-ABA |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Willie Good alleges that Defendant Washington D.C. Joint Plumbing Apprenticeship Committee ("JPAC") unlawfully discriminated and retaliated against him on the basis of his race during the course of his apprenticeship, in violation of the Civil Rights Act of 1866. For the reasons that follow, Plaintiff has failed to state a claim on which relief can be granted, and the complaint will be dismissed with prejudice.

**I.    BACKGROUND**

For purposes of this motion to dismiss, the Court accepts the facts alleged in the Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See, e.g.*, *Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff alleges as follows in the operative complaint, which is the Third Amended Complaint, ECF No. 92.

Plaintiff, who is African American, was an "apprentice in the five-year [JPAC] apprenticeship program." ECF No. 92 ¶ 3. Plaintiff alleges that he suffered a series of racially discriminatory acts against him during his apprenticeship. Plaintiff alleges that, on several instances in early 2022, he was denied access to a class by an instructor for allegedly failing to follow the "guideline for online class." *Id.* ¶¶ 4-5, 10. Plaintiff

1

informed the director of the program of his denial of entry and that he believed he was being discriminated against. *Id.* ¶¶ 11-16. Plaintiff alleges that felt "unsafe," *e.g.*, ECF No. 46-2 at 4, in part because one of the shop instructors had a "knife clipped to his right side pant[s] pocket." ECF No. 40-8 at 4; *see also* ECF No. 92 ¶¶ 17-20.

On June 8, 2022, Plaintiff was informed that an investigation was being conducted "regarding his report of discrimination." *Id.* ¶ 21. Plaintiff continued to correspond back and forth with the director and chairman of JPAC, informing them that he had attempted suicide and that he had allegedly received discriminatory threatening notes. *Id.* ¶¶ 22-26. On October 19, 2022, Plaintiff informed the chairman via email that he felt he was experiencing retaliation, and a meeting was scheduled shortly thereafter, but the meeting was cancelled. *Id.* ¶¶ 27-32. On November 18, 2022, the chairman offered him an "accommodation," *id.* ¶ 33, reflected in a letter Plaintiff attached to the complaint. In that letter, the chairman wrote,

> I have received your e-mail of November 14, 2022, to Chris Biondi. In light of your indication that you are seeking psychiatric help with issues you are encountering, the JATC is prepared to offer you the following accommodations:
>
> 1. Your obligation to attend related training classes will be suspended for the remainder of the school year.
> 2. You may continue to work with your current employer. Should your employer terminate your employment, every effort will be made to place you with a different employer; however, the JATC cannot guarantee that will happen.
> 3. You can resume full participation in the JATC's program of education as a Third-Year apprentice at the beginning of the 2023 school year, provided you provide a note from your treating doctor indicating to that you are able to resume your classroom activities and responsibilities.

2

> If you wish to accept this accommodation, please indicate by return e-mail. Also, I wanted to remind you the Local 5 Health & Welfare Fund operates a wellness clinic. Staff there may be able to assist you in your search for assistance. Please reply at your earliest convenience.

ECF No. 46-4 at 2. But Plaintiff perceived that offer as "plac[ing] the onus on Plaintiff to remedy the discrimination he suffers at the school." *Id*. ¶ 33. Plaintiff declined the accommodation and continued to correspond with the chairman about other experiences he was facing and psychiatric diagnoses he had received. *Id*. ¶¶ 34-41.

On March 16, 2023, Plaintiff emailed the chairman an image of "racial discriminatory graffiti that had plaintiff's name in a bathroom stall." *Id*. ¶ 41. The chairman responded via email to Plaintiff that he would "check for fingerprints." *Id*. ¶ 42. On March 17, 2023, Plaintiff notified the chairman that the instructor had given Plaintiff a failing grade in the course and Plaintiff requested to take his schooling remote "due to safety concerns at the school and still no notification on any investigation nor precaution to make Plaintiff safe." *Id*. ¶¶ 43-44. A few days later, on March 22, 2023, Plaintiff "asked for a transfer," after which he contends he was "suspen[ded] from the program and [was] threatened [ ] with expulsion." *Id*. ¶ 47. Plaintiff was notified that a suspension hearing was scheduled for April 17, 2023, and after the hearing, Plaintiff remained suspended and continued to correspond with JPAC leadership. *Id*. ¶¶ 51-65.

Plaintiff is representing himself *pro se* in this case. He originally filed this case on March 18, 2024, and most recently amended his complaint on December 12, 2024. ECF No. 92 (the operative complaint). Defendant filed a motion to dismiss. ECF No. 106. Plaintiff has responded to the motion, ECF No. 122, and Defendant has replied. ECF No.

3

135. There are various other motions filed in conjunction with the briefing on the motion to dismiss which will all be denied as moot for reasons explained below.

## II.     LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). At the pleadings stage, the Court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative relief" by containing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And although a court reviewing a 12(b)(6) motion "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff," *King*, 825 F.3d at 212, bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 679.

## III.    DISCUSSION

Plaintiff's complaint raises two claims under 42 U.S.C. § 1981: (1) racial discrimination, and (2) unlawful retaliation. ECF No. 92 at 10-16. Defendant argues that

4

the Court should dismiss both claims because Plaintiff fails to state a claim upon which relief may be granted. ECF No. 106 at 1. For the reasons explained below, the Court agrees and will grant the pending motion to dismiss as to both claims.

### A. Count One: Discrimination under 42 U.S.C. § 1981

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981 specifically prohibits discrimination in the context of "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id*. § 1981(b). In other words, "the Act was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race." *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 298 (1976).

To allege a claim under § 1981, Plaintiff must "plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020); *see also Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) ("A plaintiff must [ ] show that the interference with a contractual interest would not have happened but for the plaintiff's race."). Plaintiff's complaint, even with the allegations accepted as true, does not state a § 1981 claim on which relief can be granted because he has not alleged facts sufficient for the Court to infer that Defendant "intended to interfere with a contractual interest of [Plaintiff] on the basis of race." *Nadendla*, 27 F.4th at 306. Plaintiff also has not alleged any facts that would suggest that he received materially different treatment

5

from a similarly situated student in the JPAC community on the basis of his race. For these reasons, Plaintiff has failed to state a Section 1981 racial discrimination claim.

### B. Count Two: Retaliation Under 42 U.S.C. § 1981

Section 1981 also allows plaintiffs to assert claims that they were retaliated against on the basis of their race. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 445 (2008). A retaliation claim under 42 U.S.C. § 1981 has the same elements as a retaliation claim under Title VII. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (citation omitted). To state a retaliation claim, a plaintiff must allege "(1) that [he] engaged in a protected activity, as well as (2) that [his] employer took an adverse employment action against [him], and (3) that there was a causal link between the two events." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 416 (4th Cir. 2015) (quoting *Boyer-Liberto*, 786 F.3d at 281) (finding that all three elements must be pled to state a retaliation claim).

Plaintiff alleges that he was retaliated against by receiving failing grades and ultimately being suspended and terminated from the program. But even assuming (without deciding) that Plaintiff engaged in protected activity, *see Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276–78 (2009) (analyzing what constitutes "opposition" to discrimination), Plaintiff has failed to allege facts that, even if true, would establish a causal connection between his suspension and termination, on one hand, and the complaints he alleges constituted protected activity, on the other. *See Netter v. Barnes*, 908 F.3d 932, 938 (4th Cir. 2018) ("For both participation and opposition [retaliation] claims, the plaintiff bears the burden of establishing that unlawful retaliation 'would not have occurred in the absence of the alleged wrongful action or actions of the employer.'") (quoting *Univ. of Tex. Sw. Med.*

6

*Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). Plaintiff's allegations in the operative complaint, and the exhibits incorporated therein, do not plausibly allege that he was retaliated against on the basis of alleged complaints of racial discrimination, let alone that his suspension and termination "would not have occurred" in the absence of his alleged protected activity, *see id.* For these reasons, Plaintiff has failed to state a Section 1981 retaliation claim.

### C. Dismissal With Prejudice

When a court concludes that a complaint does not state a claim on which relief can be granted and dismisses it under Federal Rule 12(b)(6), it must also decide whether the dismissal will be with or without prejudice. That depends principally on whether the complaint's deficiencies are curable such that an amended complaint could be "potentially meritorious," or if "its deficiencies are truly incurable" and "the court has reviewed the claim and found it to be substantively meritless." *McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 590 U.S. --, 140 S. Ct. 1721 (2020). But also relevant is whether "a plaintiff has had the opportunity to amend her complaint to cure any deficiencies." *Harden v. Budget Rent A Car Sys., Inc.*, 726 F. Supp. 3d 415, 440 (D. Md. 2024).

Here, Plaintiff has had multiple opportunities to amend his complaint, and has done so several times. Although Plaintiff is proceeding in this case *pro se*, it is clear that he has carefully reviewed the filings and this Court's prior orders, and has had ample opportunities to ensure that his complaint included all potentially relevant factual allegations, including with the benefit of understanding the arguments JPAC would be relying on in support of dismissal. For these reasons, the dismissal of the complaint will be with prejudice.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion (ECF No. 106) is GRANTED;

2. Plaintiff's remaining live motions (ECF Nos. 134, 136, 144, 148, and 151) are DENIED as MOOT;

3. The complaint is DISMISSED with prejudice;

4. The Clerk is directed to MAIL a copy of the foregoing memorandum opinion and order to Plaintiff; and

5. The Clerk is directed to CLOSE the case.

Date: August 28, 2025

_____/s/_____
Adam B. Abelson
United States District Judge